## HICKS v. EMERSON-BRANTINGHAM IMPLEMENT CO. (No. 8502.)

(Court of Civil Appeals of Texas. Dallas. May 21, 1921.)

1. **Pledges ⚖⇒55—Petition in action to recover moneys advanced on assignment of life insurance policy held sufficient.**

In an action to recover moneys advanced under the provisions of an assignment of an interest in a life insurance policy, a petition setting out the instrument, and alleging its execution and that its purpose was to secure the repayment of sums advanced, and alleging the total amount of indebtedness, was sufficient.

2. **Pleading ⚖⇒48—Petition sufficient when apprising opposite party and court of facts relied on.**

The purpose of a petition is satisfied if it apprises the court and the opposite party of the facts on which plaintiff intends to rely as constituting his cause of action.

3. **Pleading ⚖⇒11—Petition should not allege evidence but only facts.**

A petition need not and should not state the evidence relied on as constituting the cause of action, but should only state the facts themselves.

4. **Insurance ⚖⇒222—In suit to establish interest under assignment of policy as security, evidence showing indebtedness proper.**

In a suit to establish and recover an interest in an insurance policy assigned to secure advances, not exceeding a specified amount, a note and evidence relating thereto *held* admissible as indicating the extent of the interest under the assignment.

Appeal from District Court, Dallas County; E. B. Muse, Judge.

Action by the Emerson-Brantingham Implement Company against Leona C. Hicks. From a judgment for plaintiff, defendant appeals. Affirmed.

W. W. Hilbrant, of Dallas, for appellant.
Spence, Haven & Smithdeal, of Dallas, for appellee.

HAMILTON, J. On March 26, 1921, in this case at the present term of court an opinion was delivered, one paragraph of which, through inadvertence, contains an erroneous statement of the law with reference to a question of procedure arising in the trial court. This error in no way affects the disposition made of the case, but is calculated to mislead or confuse those who may hereafter refer to the opinion. We therefore deem it advisable upon our own motion to withdraw that opinion and eliminate the unsatisfactory feature, substituting the following as the opinion of the court:

This suit was instituted by appellee against appellant to recover $1,000, alleg-

---

⚖⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

ed to be due appellee for money advanced under the provisions of a written assignment of an interest in a life insurance policy existing upon the life of W. T. Hicks, the husband of appellant. The assignment was jointly executed by appellant and her husband, W. T. Hicks. W. T. Hicks thereafter died, and the insurance policy, being in force at the date of his death, became due and payable when he died. The insurance company paid into court the sum involved here, and the cause was tried as between appellant and appellee before the court and a jury.

At the conclusion of appellee's evidence appellant offered no proof, and the court peremptorily instructed the jury to return a verdict for appellee against appellant for $1,000. From a judgment entered upon the verdict returned in conformity with this special instruction, appellant has appealed.

[1] Appellant complains of the action of the trial court in overruling her exceptions to the sufficiency of appellee's pleadings, contending that they were deficient because general and indefinite, and especially because the dates and different amounts of the sum advanced to Hicks, alleged to constitute the total sum sued for, were not specifically named in the petition. We have given consideration to the assignments complaining to this effect, and in connection with them we have examined the pleadings they attack, and find that these pleadings do not manifest the faults thus imputed to them. We believe the petition is sufficient and that the trial court's action in overruling the exceptions was correct. The fact of the execution of the assignment and its purposes are set forth as being to secure the repayment of sums advanced by appellee to W. T. Hicks. The instrument itself was inserted in the petition and all its provisions were therefore pleaded in the most minute detail. The total amount of indebtedness existing and covered by it was alleged.

[2, 3] The purpose of a petition is satisfied if it can be said to apprise the court and the opposite party of the facts on which the plaintiff intends to rely as constituting his cause of action; and it need not and should not state the evidence to prove such facts, but only should state the facts themselves. Wells v. Fairbank, 5 Tex. 585; Tippett v. Gates, 223 S. W. 705; Townes' Texas Pleading, 384. The rule is thus stated by the Supreme Court in the Wells v. Fairbank Case, supra:

"The rule that the pleader must state the facts on which he intends to rely, as constituting his cause of action or ground of defense, is universal in its application in our pleadings, with the single exception of the plea of 'not guilty,' in the action of trespass to try title. But, although a statement of the facts is indispensable, it is not necessary to state such circumstances as constitute merely the evidence of those facts. The simple allegation of the fact is sufficient, without detailing a variety of minute circumstances which merely conduce to prove the truth of it. To require all those circumstances which constitute but the evidence of facts to be stated would lead to inconvenient detail and intolerable prolixity in pleading; and it would be to require that which must often be impracticable, and, if attempted, hazardous to the rights of the party, for it is not always possible for the pleader to know in advance precisely what his evidence will be, and a variance might be fatal to his cause. Hence the necessity of adhering to the rule that what is merely the evidence of facts need not be stated."

[4] Appellant objected to the admission of a certain note in evidence and also objected to evidence relating to the note. These objections were overruled and the action of the court in this respect is assigned as error. The propositions advanced in support of the assignments are substantially that the pleadings are insufficient to support the admission of the evidence over appellant's objections. But we do not assent to this view. On the contrary, we think the evidence was clearly admissible. The suit was based upon an assignment of an interest in the policy to secure to appellee the payment of all sums of money advanced or to be advanced, in a sum not, in any event, to exceed $1,000. Whatever sum or sums, not in excess of $1,000, advanced to appellant under the contract, would be owed by appellant to appellee, and since the contract of assignment itself did not fix the amount due, but expressly left it to be ascertained, the evidence was properly admissible as indicating the extent of appellee's interest in the policy under the assignment. While the suit as pleaded was not an action upon a note, but was a suit to establish and recover an interest in the insurance policy existing because of advancements made under the contract in which such interest in the policy was assigned, yet the rights under the contract alleged by appellee depended upon proof of indebtedness to appellee, and the evidence objected to served the purpose of establishing the existence of such indebtedness.

We find no reversible error in the record, and the judgment is affirmed.